# INDEX OF EXHIBITS
## EXHIBIT A

1. Pima County Superior Court Civil Cover Sheet
2. Summons
3. Certificate re: Compulsory Arbitration
4. Complaint: Declaratory Relief Sought; Breach of Contract; First Party Bad Faith

# EXHIBIT A

**In the Superior Court of the State of Arizona
In and For the County of Pima**

Case Number _____

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Plaintiff's Attorney Randall M. Sammons

Attorney Bar Number 50684

Plaintiff's Name(s): (List all)

Tom Dubielak, a single man dealing with
his sole and separate property;

Defendant's Name(s): (List All)   Travelers Property Casualty Company of America; John Does 1-10,

Jane Does 1-10; and ABC Corporations 1-10;

[stamps: MAR 30 2010; C20102483; TED B. BOREK; STATE OF ARIZONA DEPT. OF INSURANCE APR -5 2010 TIME / SERVICE OF PROCESS]

Plaintiff's Address:

1715 S. Carthasge
Tucson, AZ 85948

EMERGENCY ORDER SOUGHT:  ☐ Temporary Restraining Order   ☐ Provisional Remedy   ☐ OSC
☐ Election Challenge   ☐ Employer Sanction   ☐ Other _____
                                              (Specify)

☐ RULE 8(i) COMPLEX LITIGATION DOES NOT APPLY. (Mark appropriate box under **Nature of Action**)

☐ RULE 8(i) COMPLEX LITIGATION APPLIES. Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties.
(Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category).

## NATURE OF ACTION
(Place an "X" next to the **one** case category that most accurately describes your primary case.)

**TORT MOTOR VEHICLE:**
☐ Non-Death/Personal Injury
☐ Property Damage
☐ Wrongful Death
**TORT NON-MOTOR VEHICLE:**
☐ Negligence
☐ Product Liability – Asbestos
☐ Product Liability – Tobacco
☐ Product Liability – Toxic/Other
☐ Intentional Tort
☐ Property Damage
☐ Legal Malpractice
☐ Malpractice – Other professional
☐ Premises Liability
☐ Slander/Libel/Defamation
☐ Other (Specify) _____
**MEDICAL MALPRACTICE:**
☐ Physician M.D.   ☐ Hospital
☐ Physician D.O   ☐ Other

**CONTRACTS:**
☐ Account (Open or Stated)
☐ Promissory Note
☐ Foreclosure
☐ Buyer-Plaintiff
☐ Fraud
X Other Contract (i.e. Breach of Contract)
☐ Excess Proceeds-Sale
☐ Construction Defects (Residential/Commercial)
   ☐ Six to Nineteen Structures
   ☐ Twenty or More Structures
**OTHER CIVIL CASE TYPES:**
☐ Eminent Domain/Condemnation
**OTHER CIVIL CASE TYPES: (Continued)**
☐ Forcible Detainer
☐ Change of Name
☐ Transcript of Judgment
☐ Foreign Judgment
☐ Quiet Title

November 21, 2008                                                                                           1

☒ Forfeiture
☐ Election Challenge
☐ NCC- Employer Sanction Action (A.R.S. §23-212)
☐ Injunction against Workplace Harassment
☐ Injunction against Harassment
☐ Civil Penalty
☐ Water Rights(Not General Stream Adjudication)
☐ Real Property
☐ Sexually Violent Person (A.R.S. §36-3704)
    (Except Maricopa County)
☐ Minor Abortion (See Juvenile in Maricopa County)
☐ Special Action Against Lower Courts
    (See lower court appeal cover sheet in Maricopa)

**UNCLASSIFIED CIVIL:**
☐ Administrative Review
    (See lower court appeal cover sheet in Maricopa)
☐ Tax Appeal
(All other tax matters must be filed in the AZ Tax Court)
☐ Declaratory Judgment
☐ Habeas Corpus
☐ Landlord Tenant Dispute- Other

☐ Restoration of Civil Rights (Federal)
☐ Clearance of Records (A.R.S. §13-4051)
☐ Declaration of Factual Innocence (A.R.S. §12-771)
☐ Declaration of Factual Improper Party Status
☐ Vulnerable Adult (A.R.S. §46-451)
☐ Tribal Judgment
☐ Structured Settlement (A.R.S. §12-2901)
☐ Attorney Conservatorships (State Bar)
☐ Unauthorized Practice of Law (State Bar)
☐ Out-of-State Deposition for Foreign Jurisdiction
☐ Secure Attendance of Prisoner
☐ Assurance of Discontinuance
☐ In-State Deposition for Foreign Jurisdiction
☐ Eminent Domain– Light Rail Only
☐ Interpleader– Automobile Only
☐ Delayed Birth Certificate (A.R.S. §36-333.03)
☐ Employment Dispute- Discrimination
☐ Employment Dispute-Other
☐ Other _____
                  (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

☐ Antitrust/Trade Regulation
☐ Construction Defect with many parties or structures
☐ Mass Tort
☐ Securities Litigation with many parties
☐ Environmental Toxic Tort with many parties
☐ Class Action Claims
☐ Insurance Coverage Claims arising from the above-listed case types
☐ A Complex Case as defined by Rule 8(i) ARCP

Additional Plaintiff(s)

_____

_____

_____

Additional Defendant(s)

_____

_____

_____

November 21, 2008                                                                                   2

## PIMA COUNTY SUPERIOR COURT

| In Re the Matter of:<br>TOM DUBIELAK, a single man dealing with his sole and separate property;<br><br>Plaintiff,<br>vs.<br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; JOHN DOES 1-10, JANE DOES 1-10, and ABC CORPORATIONS 1-10,<br>Defendants. | No. C20102483<br><br>SUMMONS<br><br>TED B. BOREK | Assigned to: |
|---|---|---|

THE STATE OF ARIZONA SENDS GREETINGS TO:   Christina Urias
                                          Arizona Department of Insurance
                                          2910 N. 44th Street Suite 210
                                          Phoenix, Arizona 85018

I.  A Complaint has been filed against the above named Defendants.

II. If you do not want a Judgment taken against you for the relief demanded in the accompanying Complaint, you must file an Answer in writing in the Office of the Clerk of the Superior Court, accompanied by the necessary filing fee. A copy of the Answer must also be mailed to the Plaintiffs' attorney whose name appears in the bottom left-hand corner of this document.

III. The Answer must be filed within TWENTY DAYS, exclusive of the day of service, if served within the State of Arizona, or within THIRTY DAYS, exclusive of the day of service, if served outside the State of Arizona.

IV. This is a legal document. If you do not understand its consequences, you should seek the advice of an attorney.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of Pima, this ___ day of _____ 2010.

PATRICIA A. NOLAND

CLERK OF THE SUPERIOR COURT
By _____
   Deputy Clerk

Randall M. Sammons
4626 E. Fort Lowell Rd., Suite P
Tucson, AZ 85712
(520) 326-4550
COMPUTER NO. 50684

Requests for reasonable accommodation for persons with disabilities must be made to the Court by parties at least three working days in advance of a scheduled court proceeding.

THE LAW OFFICE OF
RANDALL M. SAMMONS, P.L.L.C.
4626 E. Fort Lowell Road, Suite P
Tucson, AZ 85712
Telephone: (520) 326-4550
Fax: (520) 323-4084
PCC No. 50684
ASB No. 005811
Attorney for Plaintiff



COPY
MAR 30 2010
PATRICIA A. ROLAND
CLERK, SUP... COURT

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| In Re the Matter of:<br>TOM DUBIELAK, a single man dealing with his sole and separate property;<br><br>Plaintiff,<br><br>vs.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; JOHN DOES 1-10, JANE DOES 1-10, and ABC CORPORATIONS 1-10,<br><br>Defendants. | No. C20102483<br>**CERTIFICATE RE: COMPULSORY ARBITRATION**<br><br>Assigned to the Hon.<br><br>TED B. BOREK |

The undersigned counsel for Plaintiff in the above captioned matter hereby certifies that the largest award sought by Plaintiff, including and punitive damages, but excluding court costs, Attorney's fees, expenses and interest, does exceed the limits set by Local Rules of Compulsory Arbitration. Therefore, **this case is not subject** to the Uniform Rules of Arbitration.

RESPECTFULLY SUBMITTED: March 30, 2010.

                                                THE LAW OFFICE OF
                                                RANDALL M. SAMMONS, P.L.L.C.

                                                Randall M. Sammons
                                                Attorney for Plaintiff

THE LAW OFFICE OF
RANDALL M. SAMMONS, P.L.L.C.
4626 E. Fort Lowell Road, Suite P
Tucson, AZ 85712
Telephone: (520) 326-4550
Fax: (520) 323-4084
PCC No. 50684
ASB No. 005811
Attorney for Plaintiff



IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| In Re the Matter of:<br>TOM DUBIELAK, a single man dealing with his sole and separate property;<br><br>Plaintiff,<br><br>vs.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; JOHN DOES 1-10, JANE DOES 1-10, and ABC CORPORATIONS 1-10,<br><br>Defendants. | No. **C20102483**<br><br>**COMPLAINT; DECLARATORY RELIEF SOUGHT; BREACH OF CONTRACT; FIRST PARTY BAD FAITH**<br><br>Assigned to the Hon.<br><br>**TED B. BOREK** |

COMES NOW the Plaintiff, Tom Dubielak, and for the Complaint against the Defendants, and each of them, and alleges:

COUNT I

1. Plaintiff is a resident of Pima County, Arizona and was, at all material times herein a single man dealing with his sole and separate property.

2. Plaintiff was the owner, at all material times herein, of that certain real property located at 831 E. 17th Street, Tucson, Pima County, Arizona 85719.

3. The Defendant, Travelers Property Casualty Company of America is, on information and belief, an insurance company duly authorized to do business in the State of Arizona and

Pima County, pursuant to A.R.S. 20-101, *et seq*, including A.R.S. 20-103 and A.R.S. 20-104. That John Does 1-10, Jane Does 1-10, ABC Corporations 1-10 are persons or entities whose true names are presently unknown to Plaintiff and who are or may become liable to Plaintiff herein and leave of Court is requested to amend this Complaint to allege their true names when the same become known.

4. That Plaintiff in connection with the above described real property purchased from the Defendant Travelers Property Casualty Company of America a policy of insurance on a commercial building, in force on the date of loss referred to herein below. That said policy was issued under policy number I-660-7870A476-TIL-08.

5. On or about the 5th day of April, 2008, Plaintiff sustained a loss to the above described real property which Plaintiff alleges was a covered loss and under the terms of the above referenced policy, and Plaintiff made a timely claim therefore.

6. On or about the 24th day of July, 2008, the Defendants, and each of them, and contrary to the terms of said policy of insurance, and on information and belief in violation of A.R.S. 20-461, denied Plaintiff's claim referred to hereinabove. Attached hereto and incorporated herein by this reference as Exhibit A is the letter of denial of Plaintiff's claim from the Defendant Travelers.

7. Despite the claims of the Defendant Travelers Property Casualty Company of America in Exhibit A hereto, Plaintiff's claim referred to hereof is a covered claim under the terms of Plaintiff's policy.

8. This Court has jurisdiction over this matter pursuant to A.R.S. 12-1831, *et seq*. This Court has the power to declare the parties respective rights as a matter of construction of the above mentioned contract of insurance.

9. This Court has jurisdiction to afford Plaintiff supplemental relief, including incidental damages to be proved at the time of trial pursuant to A.R.S. 12-1838

10. That pursuant to the terms of the above described policy of insurance, and after construction by the Court herein, Plaintiff is entitled to payment of his claim alleged hereinabove, and any and all of his incidental damages.

11. Plaintiff is entitled to an award of his reasonable attorney's fees incurred herein pursuant to contract and pursuant to A.R.S. 12-341.01.

WHEREFORE, Plaintiff prays for relief as follows:

1. For this Court's Order and declaration construing the parties' respective rights under the above mentioned policy.

2. Thereafter for this Court's Order directing the Defendants, and each of them, to pay Plaintiff's claim referred to hereinabove.

3. For Plaintiff's incidental damages.

4. For Plaintiff's reasonable attorney's fees incurred herein.

5. For Plaintiff's costs of suit and expenses of litigation incurred herein.

6. For such other and further relief as the Court deems proper.

## COUNT II

12. Plaintiff hereby incorporates by this reference each and every allegation contained in Count I of the Complaint above as if the same were fully set forth herein.

13. That the acts of the Defendants and each of them, referred to hereinabove in denying Plaintiff's claim constitute breach of contract.

14. As a direct, proximate and consequential result of the acts of the Defendants, and each of them, referred to hereinabove, Plaintiff has been damaged in an amount undetermined at this time, but in no event less than the jurisdictional minimum of this Court.

WHEREFORE, Plaintiff prays for relief as follows:

1. For Plaintiff's general and consequential damages herein, in an amount fair and just.

2. For Plaintiff's reasonable attorney's fees incurred herein.

3. For Plaintiff's costs of suit and expenses of litigation incurred herein.

4. For such other and further relief as the Court deems proper.

## COUNT III

15. Plaintiff hereby incorporates by this reference each and every allegation contained in Counts I and II of the Complaint above as if the same were fully set forth herein.

16. That the acts of the Defendants, and each of them, referred to hereinabove, in denying Plaintiff a claim herein was taken in bad faith and contrary to the terms of Plaintiff's policy and Defendant's contractual duties in connection therewith, and contrary to the knowledge then held by Defendants that Plaintiff's claim was covered under the policy.

17. As a direct and proximate result of the acts of the Defendants, and each of them, referred to hereinabove, Plaintiff has been damaged in amount undetermined at this time but in no event less than the jurisdictional minimum of this Court.

18. That the acts of the Defendants and each of them, referred to hereinabove were so willful, wanton and malicious as to justify the award of exemplary damages to Plaintiff in an amount fair and just.

WHEREFORE, Plaintiffs pray for relief as follows:

1. For Plaintiff's general damages in an amount fair and just.

2. For Plaintiff's exemplary damages in an amount fair and just.

3. For Plaintiff's reasonable attorney's fees incurred herein.

4. For Plaintiff's costs of suit and expenses of litigation incurred herein.

5. For such other and further relief as the Court deems proper.

RESPECTFULLY SUBMITTED: March 30, 2010

                        THE LAW OFFICE OF
                        RANDALL M. SAMMONS, P.L.L.C.

                        Randall M. Sammons
                        Attorney for Plaintiff